IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CMC, LLC            PLAINTIFF

vs.            No. 1:08CV197-GHD-JAD

ECON SAND & GRAVEL, LLC, et al.            DEFENDANTS

## OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiff's motion to remand this matter to the Chancery Court of Lowndes County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

### A. Factual Background

On July 30, 2008, the Plaintiff filed this suit in the Chancery Court of Lowndes County, Mississippi, for specific performance of a contract. This action was removed by the Defendants to this court pursuant to the court's federal diversity jurisdiction, alleging that the Defendants were Alabama residents and Plaintiff was a Florida Limited Liability Company based on the statements contained in the Plaintiff's Complaint. The Plaintiff has now motioned the court to remand this matter to state court due to lack of complete diversity.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson

Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447©. In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiff, however, asserts that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

The Plaintiff's council believed at the time of the filing of the Complaint that CMC, LLC was a Florida company based on information obtained from their client CMC, as well as information contained within the contract at issue. The Defendants are all resident citizens of Alabama. However, after the case was removed, Plaintiff's council discovered that Plaintiff was actually an Alabama limited liability company, rather than a Florida limited liability company. This fact, destroys federal diversity jurisdiction. The Defendants do not contest that the Court now lacks federal diversity jurisdiction and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

Accordingly, the court finds that the Plaintiff and Defendants are all resident citizens of the State of Alabama. As such, the court finds that it lacks federal diversity jurisdiction.

### C. Attorney's Fees

28 U.S.C. § 1447© provides for the "payment of just costs, and any actual expenses, including attorney's fees, incurred as a result of the removal." The Defendants, in the supplement to their response to Plaintiff's motion to remand, laid out the hours spent to try to correct the errors made by Plaintiff's failure to properly identify their client as an Alabama limited liability company

instead of a Florida limited liability company. Had Plaintiff's council properly stated their client's state of domicile, it would not have appeared on the face of the pleadings that the court had federal diversity jurisdiction and therefore, the Defendants would not have had grounds for removal to this court.

Accordingly, the court finds Defendants' request for reimbursement of the costs and fees, including attorney's fees, incurred in the removal of this case is well-taken. Therefore, the court awards the Defendants $429.43 in costs and expenses and $750.00 in attorney's fees.

### D. Conclusion

In sum, the Plaintiffs' complaint, mistakenly identified the Plaintiff as a Florida company, and based on that representation, Defendants removed the suit to this court. The discovery that Plaintiff, like Defendants, is an Alabama company destroyed complete diversity of citizenship necessary to maintain federal jurisdiction over this case. As such, pursuant to 28 U.S.C. § 1447©, Plaintiffs shall remit payment totaling $1179.43 to the Defendants and this cause shall be remanded to the Chancery Court of Lowndes County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 15th day of September, 2008.

_____
Senior Judge